UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
FRANCIS SEPULVEDA,                  )
                                    )
        Petitioner,                 )
                                    )
            v.                      )   Civil Action No. 11-11491-JLT
                                    )
GARY RODEN,                         )
                                    )
        Respondent.                 )
_____)

REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS AS TIME BARRED
[Docket No. 9]

August 16, 2012

Boal, M.J.

On August 22, 2011, petitioner Francis Sepulveda ("Sepulveda") filed, pro se, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Docket No. 1). Respondent Gary Roden ("Respondent") has moved to dismiss the Petition on the basis that it is time barred. (Docket No. 9). For the following reasons, this Court recommends that the District Judge assigned to this case DENY the Respondent's motion.

I.      PROCEDURAL AND FACTUAL BACKGROUND

On August 22, 2011, Sepulveda was indicted for first degree murder in addition to fourteen other related offenses. Add. 4, 9.[1] Sepulveda pled guilty to second degree murder and the other fourteen charges on January 13, 2004. Add. 6, 9. The Massachusetts Superior Court

---

[1] "Add. __" refers to cites to the Addendum to the Respondent's Memorandum of Law in Support of His Motion to Dismiss the Petition for Writ of Habeas Corpus as Time-Barred (Docket No. 10-1).

sentenced Sepulveda to life in prison for the second-degree murder charge, along with various concurrent sentences for the other charges. Add. 6.

On January 27, 2004, Sepulveda, through counsel, filed a motion to revise and revoke his sentence under Rule 29 of the Massachusetts Rules of Criminal Procedure (the "Rule 29 Motion"). Add. 7, 10. The Rule 29 Motion included an affidavit by Sepulveda's counsel that listed petitioner's plea and the sentence for each offense. Add. 11. Sepulveda's counsel requested that no action be taken on the Rule 29 Motion. Add. 7, 11.

On June 22, 2009, Sepulveda filed a <u>pro</u> <u>se</u> motion to withdraw his guilty plea and for a new trial under Rule 30 of the Massachusetts Rules of Criminal Procedure (the "Rule 30 Motion"). Add. 7. The Superior Court denied the Rule 30 Motion on June 26, 2009. Add. 8. Sepulveda appealed this denial to the Massachusetts Appeals Court on July 28, 2009. Add. 8, 12. On November 5, 2010, the Massachusetts Appeals Court affirmed the Superior Court's decision denying the Rule 30 Motion. <u>Commonwealth v. Sepulveda</u>, 78 Mass. App. Ct. 1107 (2010). Sepulveda filed for leave to appeal the denial to a Single Justice of the Supreme Judicial Court ("SJC"), which was denied on February 9, 2011. <u>Commonwealth v. Sepulveda</u>, 459 Mass. 1102 (2011).

Petitioner had also filed a second <u>pro</u> <u>se</u> motion to withdraw his guilty plea on March 17, 2010, which was denied on March 24, 2010. Add. 8.

Sepulveda filed the instant Petition on August 22, 2011. (Docket No. 1).

II.     DISCUSSION

Respondent argues that Sepulveda's Petition must be dismissed as untimely under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).  Mem. at 3.[2]  According to the Respondent, Sepulveda's conviction became final, and the one-year statute of limitations started to run, on January 13, 2004, the date that he pled guilty to all of his charges.  Id.  Because none of Sepulveda's post-conviction motions tolled the statute of limitations, Respondent argues that Sepulveda's Petition was filed more than six years after the statute of limitations had run.  Id. at 3-4.  Based on this District Court's decision in Mack v. Dickhaut, 770 F. Supp. 2d 429 (D. Mass. 2011) (Tauro, J.), this Court disagrees.

    A.     The AEDPA Statute Of Limitations

AEDPA provides for a one-year period of limitations during which "a person in custody pursuant to the judgment of a State court" may apply for federal habeas relief.  28 U.S.C. § 2244(d).  The limitations period begins to run from the latest of four dates, only one of which is applicable in this case: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. at § 2244(d)(1)(A).

In addition, Section 2244(d)(2) provides for the tolling of the one-year limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  Id. at § 2244(d)(2).  However, Section 2244(d)(2) "does not reset the clock on the limitations period . . . but merely stops it temporarily,

---

[2] "Mem. __" refers to cites to the Respondent's Memorandum of Law in Support of His Motion to Dismiss the Petition for Writ of Habeas Corpus as Time-Barred (Docket No. 10).

until the relevant applications for review are ruled upon." Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (citations omitted). Accordingly, Section 2244(d)(2) cannot revive a time period that has already expired. Id.; Cordle v. Guarino, 428 F.3d 46, 48 n. 4 (1st Cir. 2005); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001).

B. Sepulveda's Conviction Did Not Become Final Until February 9, 2011

Respondent argues that Sepulveda's conviction became final on January 13, 2004, the date that he pled guilty. Mem. at 3. He also argues that Sepulveda's Rule 29 Motion did not toll the statute of limitations because it was not properly filed.[3] Mem. at 4-6. Therefore, the statute of limitations expired on January 13, 2005. Mem. at 6. Respondent further argues that Sepulveda's Rule 30 Motions do not toll the limitations period because they were not filed until 2009 and 2010, four and five years after the limitations period had already expired. Mem. at 6 n. 7.

Sepulveda, on the other hand, argues that whether his Rule 29 Motion (the motion

---

[3] Respondent is correct that the Rule 29 Motion did not toll the statute of limitations. A Rule 29 motion may constitute a request for "state post-conviction or other collateral review" within the meaning of AEDPA. Holmes v. Spencer, 685 F.3d 51, 60 (1st Cir. 2012). In order to toll the statute of limitations, however, the motion must have been filed properly. Id.

In order to be "properly filed," a motion under Rule 29 "must be accompanied by an affidavit, or otherwise indicate the grounds on which it is based." Id. at 61 (quoting Commonwealth v. DeJesus, 440 Mass. 147, 152 (2003)). Here, it is undisputed that Sepulveda's Rule 29 Motion did not specify the grounds on which the motion was based. It only repeated Sepulveda's pleas and the sentence for each offense. Add. 11-12. Accordingly, Sepulveda's Rule 29 Motion was not "properly filed" and therefore cannot serve as a tolling mechanism under Section 2244(d)(2). Id. However, as set forth below, because the Court finds that "direct review" of Sepulveda's conviction did not end until February 9, 2011, Sepulveda's Rule 29 Motion is of no consequence to the analysis.

seeking a reduction in his sentence) tolled the statute of limitations is irrelevant. Opp. at 6.[4] Sepulveda argues that his Rule 30 Motion (the motion to withdraw his guilty plea) was a direct appeal and, therefore, the statute of limitations did not begin to run until February 9, 2011, the date that the SJC denied his motion for Single Justice review of the denial of the Rule 30 Motion. Opp. at 5-6. Because his Petition was filed on August 22, 2011, less than one year after the SJC's denial, he argues that his Petition is timely under AEDPA. Opp. at 6. In light of this District Court's decision in Mack, the Court agrees with Sepulveda's position.

In Mack, this District Court held that, because a Rule 30 motion to withdraw a guilty plea is a defendant's sole avenue for challenging the validity of a guilty plea, such a motion constitutes direct review under AEDPA. Mack, 770 F. Supp. at 433-34. The procedural history in Mack is very similar to this case. In that case, the petitioner pled guilty to four counts, including armed assault with intent to murder on September 20, 2006. Id. at 430. On November 13, 2006, petitioner filed a pro se motion to revise and revoke the sentence under Rule 29 and, in the alternative, for Rule 30 relief. Id. at 430-31. On December 28, 2006, the trial court endorsed the motion with the ruling, "No action taken . . . because counsel was appointed on Nov. 27, 2006." Id. at 431. On May 21, 2007, the Appellate Division of the Superior Court Department dismissed the appeal of the judgment imposing the sentence at MCI Cedar Junction. Id. On June 30, 2008, the petitioner filed a motion to withdraw his guilty plea and for a new trial under Rule 30. Id. The trial court denied the motion on July 9, 2008. Id. Petitioner appealed the denial of the motion and the Massachusetts Court of Appeals affirmed the denial on June 5,

---

[4] "Opp. __" refers to cites to Petitioner Francis Sepulveda's Opposition to Respondent's Motion to Dismiss Petition as Time-Barred (Docket No. 13).

2009.  Id.  On September 10, 2009, the SJC denied the petitioner's application for leave to obtain further appellate review.  Id.

As a matter of first impression, this District Court held that a motion for a new trial pursuant to Rule 30 is part of direct review for the purposes of AEDPA.  Id. at 433.[5]  This is so because Rule 30 provides the only avenue for appellate review of the validity of a guilty plea. Id.  Therefore, the District Court found that the judgment against petitioner did not become final until September 10, 2009, the date that the SJC denied Mack's application for further appellate review.  Because the petitioner filed his application for a writ of habeas corpus on May 20, 2010, he was well within the one-year period of limitations imposed by AEDPA, notwithstanding the fact that the petitioner did not file his Rule 30 motion until almost two years after he pled guilty.[6] Id. at 434.

Under this District Court's rationale in Mack, Sepulveda's Rule 30 Motion constituted part of direct review.  Because Sepulveda's sole avenue for appellate review of his guilty plea was to file a Rule 30 motion, his Rule 30 Motion constituted part of "direct review" under

---

[5] Since the District Court's decision in Mack, the First Circuit decided an appeal in a case with a very similar fact pattern to Mack and this case.  In Holmes v. Spencer, supra, the First Circuit held that a petitioner's Rule 29 motion was not filed properly because it did not specify the grounds on which the motion was based and, therefore, it did not toll the AEDPA statute of limitations.  Holmes, 685 F.3d at 61.  The petitioner's subsequently filed Rule 30 motion did not save the Petition because it was filed more than two years after the petitioner's guilty plea.  Id. at 57.  However, the parties stipulated that petitioner's Rule 30 motion qualified as an application for collateral review, so the First Circuit had no occasion to determine whether a Rule 30 motion to withdraw a guilty plea constitutes direct or collateral review.  Id.

[6] There are no time limitations for filing a Rule 30 motion, and a defendant may file multiple Rule 30 motions.  Rodriguez v. Spencer, 412 F.3d 29, 34 (1st Cir. 2005) (citing Mass. R. Crim. P. 30).

Section 2244(d)(1) of AEDPA.[7] Thus, direct review concluded, and Sepulveda's conviction became final, on February 9, 2011, the date that the SJC denied Sepulveda's application for Single Justice review of the trial court's denial of his Rule 30 motion. Accordingly, Sepulveda's Petition was filed within the one-year statute of limitations.

  C.  Equitable Tolling

Because the Court finds that Sepulveda's Petition is not time-barred, it need not address the Respondent's arguments regarding equitable tolling. In any event, Sepulveda indicated that he is not arguing that equitable tolling is warranted in this case. Opp. at 7.

III. RECOMMENDATION

For the foregoing reasons, I recommend that the Court DENY the Respondent's motion to dismiss Sepulveda's Petition (Docket No. 9).

IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to

---

[7] But see Commonwealth v. Coral, 72 Mass. App. Ct. 222, 227 (2008) ("The principles of finality inherent in the requirement that appeals must be brought within certain time frames militate against treating [a Rule 30 motion] as analogous to a direct appeal" because the defendant filed his motion almost three years after the taking of his plea).

comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge