UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| FRANCIS SEPULVEDA, | * |  |
|---|---|---|
|  | * |  |
| Petitioner, | * |  |
|  | * |  |
| v. | * | Civil Action No. 11-11491-JLT |
|  | * |  |
| GARY RODEN, | * |  |
|  | * |  |
| Respondent. | * |  |

MEMORANDUM

April 3, 2014

YOUNG, J.

I.  Introduction

On August 22, 2011, Francis Sepulveda ("Petitioner") filed a Petition for Writ of Habeas Corpus [#1]. This court denied the Petition and entered judgment in favor of Gary Roden ("Respondent") on January 7, 2014.[1] Presently at issue is the Court of Appeals' Order [#52] requiring this court to issue or deny a certificate of appealability to Petitioner. For the following reasons, Petitioner is DENIED a certificate of appealability.

II. Background

Petitioner pleaded guilty to second degree murder and fourteen other charges on January 13, 2004 and is currently serving the life sentence imposed by the Massachusetts Superior Court.[2] On June 22, 2009, Petitioner filed a motion to withdraw his guilty plea, which the

---

[1] See Order [#39].

[2] Report & Recommendation, 1-2 [#36].

Superior Court subsequently denied.[3] On February 9, 2011, the Supreme Judicial Court denied Petitioner's leave for appeal.[4] After failing to have his plea reconsidered in state court, Petitioner filed his Petition for Writ of Habeas Corpus on August 22, 2011, which this court referred to Magistrate Judge Boal on November 29, 2011.[5] On December 16, 2013, Magistrate Judge Boal issued her Report and Recommendation on Petition for Writ of Habeas Corpus [#36], recommending that this court deny the Petition.[6] On January 7, 2014, this court accepted and adopted the Report and Recommendation, but did not rule on whether a certificate of appealability should issue to Petitioner.[7] Petitioner now seeks to appeal this court's Order denying his Petition for Writ of Habeas Corpus. Because, in order to facilitate Petitioner's appeal, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," the Court of Appeals ordered this court to address the issue.[8]

III. Discussion

The standard for granting a certificate of appealability ("COA") is well established. Such relief should be granted only upon a "substantial showing" of a constitutional violation.[9] The definition of what constitutes a "substantial showing" is straightforward. If a district court has rejected the original petition on the merits, the "petitioner must demonstrate that reasonable

---

[3] Report & Recommendation, 2 [#36].

[4] Report & Recommendation, 1-2 [#36].

[5] Order [#11].

[6] Report & Recommendation, 19 [#36].

[7] See Order [#36].

[8] Order [#52].

[9] Slack v. McDaniel, 529 U.S. 473, 483 (2000).

2

jurists would find the district court's assessment of the constitutional claims debatable or wrong."[10]

After reviewing the record, particularly Judge Boal's Report and Recommendation [#36], this court concludes that Petitioner fails to satisfy the abovementioned standard. Although Petitioner raises new allegations of constitutional violation by state prison officials in his Motion for Relief from Judgment [#49], those claims have no bearing on this court's determination of whether Petitioner is entitled to a COA.[11] There is no indication that this court's assessment of the constitutional claims is debatable or wrong. Moreover, Petitioner has failed to make any showing, let alone a "substantial showing," of a constitutional violation.[12]

IV. Conclusion

Reasonable jurists would not find these issues debatable. For the foregoing reasons, this court finds no basis for granting a COA in the present case.

IT IS SO ORDERED.

/s/ William G. Young
United States District Judge

---

[10] Id. at 484.

[11] See generally Mot. Relief J. [#49].

[12] See Slack, 529 U.S. at 483.

3